**C.J. BERARDINI, Plaintiff-Appellant,**

**v.**

**G. Phillip HART, Defendant-Appellee.**

**No. 83CA0597.**

Colorado Court of Appeals,
Div. II.

May 17, 1984.

Brian J. Berardini, Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

KELLY, Judge.

Plaintiff appeals from a judgment for defendant on a claim for professional services. We affirm.

Trial was to the court on the following stipulated facts. Defendant incurred a debt of $3,883.69 to plaintiff for attorney's fees arising from plaintiff's representation of defendant between October 1975 and January 1978. In payment of the fees, defendant assigned a promissory note for $5,000 to plaintiff. As part of this transaction, plaintiff gave defendant a check for $1,701.31.

The maker of the promissory note paid plaintiff a total of only $600 before filing for bankruptcy in which proceeding the maker's debt on the note was later discharged. Plaintiff then brought suit on the note against defendant claiming an outstanding balance of $4,400.

In relevant part, the written assignment stated that:

"G. Phillip Hart, hereby assigns all right, title, and interest in and to that certain Promissory Note dated August 11, 1978 in the principal sum of $5,000 ....

The consideration for this assignment is as follows:

1. The full and complete discharge of attorney's fees to Assignee in the sum of $3,883.69.

2. Assignee's order for payment in the amount of $1,701.31."

The check from plaintiff to defendant bore the following notation:

"When cashed constitutes full and complete discharge, satisfaction, and liquidation of any and all accounts between payor and payee, including but not limited to, the purchase by assignment of a $5,000 Promissory Note from Dr. John P. Dugan dated 3/1/78, to G. Phillip Hart."

The trial court entered judgment for defendant finding that "the language of the release on the back of the $1,701.31 check terminated the financial relationship of the plaintiff and the defendant."

Plaintiff's sole contention on appeal is that defendant's debt to plaintiff was discharged only to the extent of the $600 received by plaintiff from the maker of the note. We disagree.

Plaintiff contends that a limited discharge of the debt follows from § 4-3-802(1), C.R.S., which states:

"Unless otherwise agreed, where an instrument is taken for an underlying obligation:

....

(b) ... the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored, action may be maintained on either the instrument or the obligation ...."

However, the rule of this statute that a negotiable instrument constitutes condi-

tional payment is expressly subject to the condition "[u]nless otherwise agreed." Hence, if the parties agree that one of them will take an instrument in satisfaction of the debt, then the underlying obligation is discharged by acceptance of the instrument. *J. White & R. Summers, Uniform Commercial Code* § 13–20 at 541 (1980).

Here, the written assignment expressly stated that the consideration for the assignment of the promissory note was "the full and complete discharge of attorney's fees to Assignee in the sum of $3,883.69." This language, together with the notations upon the $1,701.31 check, unequivocally demonstrates that the promissory note was offered in full satisfaction of defendant's underlying obligation to plaintiff. Accordingly, acceptance of the promissory note by plaintiff discharged defendant's obligation to plaintiff. *See Hudson v. American Founders Life Insurance Co.*, 151 Colo. 54, 377 P.2d 391 (1962); *Restatement (Second) of Contracts* § 287 (1981).

Judgment affirmed.

BERMAN and BABCOCK, JJ., concur.